IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| KRISTA MADER, | ) |
| Plaintiff | ) 1:24-CV-00319-RAL |
| vs. | ) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge |
| PHAMATECH, INC. AND RESPONSIBLE EMPLOYEES, ET AL., | ) ORDER TO FILE CONCISE STATEMENT<br>) OF MATERIAL FACTS |
| Defendants | ) ECF NO. 27 |

Defendants Phamatech Inc. and Responsible Employees and Tuan Pham ("Phamatech Defendants") have moved to dismiss Plaintiff Krista Mader's claims against them pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 27. Their brief in support of the motion challenges the legal sufficiency of the claims against them and raises the affirmative defense that Plaintiff failed to exhaust her administrative remedies. The Phamatech Defendants' brief also attaches various grievance records that it apparently obtained from the Pennsylvania Department of Corrections pursuant to a subpoena. The Phamatech Defendants assert that these records are "indisputably authentic" such that the Court can consider them without converting the motion, in part, to a motion for summary judgment. *See* ECF No. 28. p. 3, n.1. Because the records are not accompanied by an affidavit attesting to their completeness and authenticity, and because the Plaintiff must be provided with the opportunity to contest matters relating to the documents and raise additional facts that may potentially excuse a failure to exhaust, the Court hereby converts the Phamatech Defendants' motion to one for summary judgment to the extent it raises exhaustion as an affirmative defense.

The Phamatech Defendants are hereby ordered to file a Concise Statement of Material Facts regarding their exhaustion defense in accordance with Local Rule 56(B)(1) on or before **September 2, 2025**. The moving party's concise statement of material facts and the opposing party's responsive concise statement are "essential to the Court's resolution of a summary judgment motion due to its role in organizing evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (citations omitted). *See also Weimer v. County of Fayette*, 2022 WL 28119025, at *10 (W.D. Pa. July 19, 2022) ("The purpose of Local Rule 56(B)(1) is to aid the Court in deciding a motion for summary judgment by identifying material facts and supporting documentation to determine whether or not the fact is disputed") (citation omitted). The Phamatech Defendants' failure to file a Concise Statement of Material Facts will result in the motion being considered solely as a motion to dismiss. *See, e.g., Hicks v. Garrity*, 2022 WL 4389115, at *4 n.2 (W.D. Pa. Aug. 25, 2022), *report and recommendation adopted*, 2022 WL 4386649 (W.D. Pa. Sept. 22, 2022).

Upon the filing of the Defendants' Concise Statement, an order will issue concerning the deadline and requirements for the Plaintiff's responsive Concise Statement of Material Facts and Brief in Opposition to the motion. Plaintiff need not take any action at this time in response to this Order or the Phamatech Defendants' motion.

DATED this 18th day of August, 2025.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE