IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| KRISTA MADER, | ) 1:24-CV-00319-RAL |
| | ) |
| Plaintiff | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| vs. | ) |
| | ) MEMORANDUM OPINION ON |
| PHAMATECH, INC. AND | ) DEFENDANTS' MOTION TO DISMISS |
| RESPONSIBLE EMPLOYEES, et al., | ) THE AMENDED COMPLAINT |
| | ) |
| Defendants | ) IN RE: ECF NO. 27 |
| | ) |

## I.    Introduction

Defendants Phamatech, Inc. and Responsible Employees, and Tuan Pham (collectively, "Phamatech Defendants") move to dismiss Plaintiff Krista Mader's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 27. For the reasons set forth below, the Court will grant Defendants' motion.

## II.    Background and Procedural History

Mader, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), brought this pro se civil rights action against Phamatech Defendants and several officials at the State Correctional Institution at Cambridge Springs ("SCI-Cambridge Springs"): Secretary of Corrections Laurel Harry, Superintendent Lisa Graves, Lt. Margaret McCurdy, Lt. Stephanie Hobeck, Captain Heidi Dugan, former Superintendent Michelle Overmyer, and Hearing Examiner

Ryan Szelewski (collectively, "Corrections Defendants"). ECF No. 7. Earlier in this litigation, the Court permitted Mader to file an Amended Complaint. *See* ECF No. 41. Her claims relate to Defendants' alleged failure to afford her an opportunity for a retest following a positive drug urinalysis. *See* ECF No. 42.

As set forth in her Amended Complaint, the events giving rise to Plaintiff's claims took place at SCI-Cambridge Springs between December 2023 and April 2024. ECF No. 42. On December 7, 2023, Mader was given a urine test. *Id.*, ¶ 1. On December 12, 2023, her "drug test came back positive for marijuana, as reported by Phamatech, Inc., the laboratory that handles urinalysis drug screens for the PA DOC." *Id.*, ¶ 2. As a result, Mader was sanctioned to 30 days in the RHU, no visitation or work privileges for 60 days, and no contact visits for 180 days. *Id.*, ¶ 4. Hearing Examiner Szelewski denied her request for a second urinalysis test and informed Mader that "her sample would be held at Phamatech, Inc., to be contested at [her] expense." *Id.*, ¶ 5. Mader's father and grandmother contacted Phamatech, Inc., to request a retest of Mader's sample and were told the company "Do[es] not do testing for private citizens. The DOC would need to request the retest." *Id.*, ¶ 6. Mader spoke to multiple prison officials about having her sample retested but was

denied,[1] despite another inmate being afforded a retest in January 2024.[2] *Id.*, pp. 2–3. Mader appealed the misconduct and filed a grievance "in regards to the other inmate . . . having been afforded the opportunity of a retest, but not the Plaintiff." *Id.*, ¶¶ 8–9, 15. She filed another grievance in January 2025 regarding a group of inmates that had misconduct charges "dismissed without further retesting" because "Phamatech, Inc. had reported false positive results." *Id.*, ¶¶ 22–23.

Based on the foregoing, Mader asserts Defendants discriminated against her in violation of her equal protection rights under the Fourteenth Amendment to the United States Constitution. *See generally* ECF No. 42. She also alleges a violation of a protected liberty interest for loss of future employment and reputation. *Id.*, ¶ 26.

Phamatech Defendants now move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 27.[3] They argue Mader failed to exhaust her administrative remedies[4] and further that the Amended Complaint fails

---

[1] For example, on December 12, 2023, Mader asked Lt. McCurdy, Lt. Hobeck, and Captain Dugan for a retest and was told "It is not in policy to give retests to inmates who fail drug tests." ECF No. 42, ¶ 7. On January 17, 2024, Captain Conticelli "refused to have Plaintiff's sample at Phamatech, Inc. retested." *Id.*, ¶ 12. On February 8, 2024, former Superintendent Overmyer "[i]nformed Plaintiff that her sample held at Phamatech, Inc. would not be retested." *Id.*, ¶ 16. Mader spoke with Superintendent Graves on April 1, 2024 and "was again denied the opportunity of a retest." *Id.*, ¶ 20. On April 12, 2024, Captain Dugan said a retest "would not occur, because due to Plaintiff's criminal charges, 'they had received push back from the higher ups' about allowing Plaintiff the opportunity of a retest." *Id.*, ¶ 21.

[2] According to Plaintiff, "SCI Cambridge Springs afforded one inmate, J. Swick . . . the opportunity of an immediate retest . . . which came back negative." ECF No. 42, ¶ 11. Mader contends this proves Phamatech, Inc. "was reporting false positive test results." *Id.*

[3] While Phamatech Defendants filed their motion to dismiss against the original complaint, the Court previously ordered it would consider Defendants' motion as applicable to the Amended Complaint. *See* ECF No. 41.

[4] The Court converted Phamatech Defendants' motion to dismiss to a motion for summary judgment as to the exhaustion issue. *See* ECF No. 29.

to plead factual allegations sufficient to state a claim for relief. *See* ECF No. 28. Mader filed an opposition to the motion, ECF No. 47, and Defendants filed a reply, ECF No. 48. The matter is now ripe for disposition.[5]

## III.    Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must, under Federal Rule of Civil Procedure 8(a)(2), contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). In other words, plaintiffs must allege facts sufficient "to raise a right to relief above the speculative level" that "nudge[] their claims across the line from conceivable to plausible." *Id.* at 555, 570. Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In deciding a Rule 12(b)(6) motion, the Court accepts as true the complaint's well-pleaded factual allegations and examines them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation."

---

[5] The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case as authorized by 28 U.S.C. § 636(c).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted); *see Iqbal*, 556 U.S. at 678. The Court's focus is simply whether the challenged claims should be allowed to move forward, not whether the plaintiff will ultimately prevail on her claims. *See Twombly*, 550 U.S. at 563 n.8. Further, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents" when deciding the motion to dismiss. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Additionally, because the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, *see* ECF No. 5, her pleading is subject to the screening provisions in 28 U.S.C. § 1915(e)(2). That statute requires the Court to review the complaint for cognizable claims and *sua sponte* dismiss the action or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of the case "at any time"); *Muchler v. Greenwald*, 624 F. App'x 794, 796 (3d Cir. 2015). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008); *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Finally, because Mader is proceeding *pro se*, her allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings

5

drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff"). If the Court can reasonably read her Amended Complaint to state a valid claim upon which relief can be granted, it will do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *U.S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969). But while courts construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV.    Discussion and Analysis[6]

The Amended Complaint asserts claims under the Equal Protection Clause of the Fourteenth Amendment based on Defendants' alleged refusal to permit Mader an opportunity to retest her urine sample, even though another similarly situated

---

[6] The Court would normally address Phamatech Defendants' exhaustion of administrative remedies defense before evaluating any merits-based arguments because exhaustion under the Prison Litigation Reform Act is a threshold requirement for an inmate's filing of an action challenging prison conditions. *See Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018). However, the Court may defer consideration of exhaustion where it involves issues of fact or complex legal issues, particularly where the plaintiff's claims are otherwise subject to dismissal. *See Woodford v. Ngo*, 548 U.S. 81, 101 (2006) (holding that because "the PLRA exhaustion requirement is not jurisdictional," a district court may "dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies"); *Perttu v. Richards*, 605 U.S. 460, 469 (2025) (same); *Harris v. Hyde*, 2015 WL 8992971, at *2 (W.D. Pa. Dec. 16, 2015) (deferring consideration of exhaustion defense). Because Mader's Amended Complaint plainly fails to state a claim, and resolution of Phamatech Defendants' exhaustion defense would involve complex issues concerning the interplay between DC-ADM 801 and DC-ADM 804, the Court will defer consideration of exhaustion and decide the pending motion under Rule 12(b)(6).

inmate was provided a retest after a positive drug test. Phamatech Defendants argue the facts alleged fail to state a viable claim for relief against them. The Court agrees.[7]

A. Personal Involvement

To state a claim under § 1983, a plaintiff must demonstrate that each defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). When those claims implicate multiple defendants, the plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (alterations in original) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an affirmative part in the complained-of misconduct. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" (citations omitted)); *Iqbal*, 556 U.S. at 677 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (liability for

---

[7] To the extent Mader's brief in opposition to the motion to dismiss includes additional factual allegations not found in her Amended Complaint, they will not be addressed. *Boston v. Prime Care Med., Inc.*, 2018 WL 3032853, at *5 n.6 (E.D. Pa. June 18, 2018) (a plaintiff "may not assert new claims or rely on new facts in response to a motion to dismiss"); *Hammond v. City of Philadelphia*, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion." (collecting cases)); *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)).

supervisory officials must still be based on "personal involvement in the alleged wrongs"); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (liability must be demonstrated by showing that the defendant personally directed or, with actual knowledge, acquiesced in the conduct). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g.*, *Mearin v. Swartz*, 951 F. Supp. 2d 776, 782 (W.D. Pa. 2013) (dismissing claims against certain defendants because the complaint was "devoid of any facts suggesting that [they] . . . had any personal involvement" in the alleged Eighth Amendment violation).

Here, the Amended Complaint fails to sufficiently plead Phamatech Defendants' personal involvement in the alleged deprivation of Mader's constitutional rights. Mader's claims concerning Phamatech Defendants amount to a single allegation that Phamatech, Inc. informed Mader's family members that the company does "not do testing for private citizens" and that the "DOC would need to request the retest." ECF No. 42, ¶ 6. Beyond this, the Amended Complaint does not elaborate on any actions Phamatech Defendants took, nor does it plead with any particularity their participation in, or actual knowledge of and acquiescence to, the alleged actions of the Corrections Defendants. Thus, even assuming Mader has shown Phamatech Defendants are state actors for purposes of § 1983,[8] the Amended Complaint fails to sufficiently plead their personal involvement in the alleged

---

[8] *See Amig v. County of Juniata*, 432 F. Supp. 3d 481, 485–87 (M.D. Pa. 2020) (holding inmate sufficiently alleged drug test manufacturer served exclusive state function, as required to support her 1983 claim).

8

deprivation of Mader's constitutional rights. Because the allegations here fall well short of the standard for personal involvement, dismissal of Mader's claims against Phamatech Defendants is warranted on this basis. *See, e.g.*, *Theron v. County of York*, 2012 WL 425259, at *3 (M.D. Pa. Feb. 9, 2012) ("Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement."); *Carroll v. Delaware County*, 2023 WL 2868020, at *19 (E.D. Pa. Apr. 10, 2023) ("Generalized allegations a supervisory state actor is 'in charge of' or 'responsible for' an office or facility are insufficient to allege personal involvement in an underlying constitutional violation.").

B. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that a state shall not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amend. 14. To establish an Equal Protection Clause violation, a plaintiff must ordinarily allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir 2016). In her pleading, however, Mader does not identify herself as a member of a protected class or allege that her retest request was denied because of her race, religion, or other prohibited consideration. Instead, she compares her situation to that of another inmate who was permitted a retest after a positive urinalysis. ECF No. 42, ¶¶ 11–12, 14–15. Based on these allegations, it

9

appears Mader is proceeding on a "class of one" equal protection theory. This requires her to establish that: "(1) the defendant treated h[er] differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006); *see Hammond v. Zaken*, 2024 WL 3593487, at *2 (W.D. Pa. July 31, 2024) ("To state [a class of one] equal-protection violation, [a plaintiff] must allege that 'he has been arbitrarily treated differently from similarly situated inmates' in all relevant respects. (citation omitted)); *Harris v. Thompson*, 2026 WL 237606, at *8 (W.D. Pa. Jan. 29, 2026) ("A stand-alone allegation of unequal treatment without factual allegations identifying comparators, discriminatory intent, or disparate treatment—is insufficient to state an equal protection claim.").

Here, the Amended Complaint alleges Mader was treated differently from inmate J. Swick, who Mader states was afforded "an immediate retest" that came back negative. ECF No. 42, ¶ 11. It is questionable whether Mader is similarly situated to inmate Swick, as the Amended Complaint fails to elaborate on the circumstances surrounding Mader's and Swick's testing, and Swick's retest. But the Court need not resolve this issue because Mader has not plausibly alleged any intentional disparate treatment by Phamatech Defendants. This is fatal to her claim against them.

Though Mader broadly contends Defendants violated her constitutional rights by failing to permit a retest, the facts set forth here are insufficient to show any intentional or purposeful discrimination by Phamatech Defendants. First, the

10

Amended Complaint does not allege any facts to support that Phamatech Defendants arbitrarily treated Mader differently when they informed her family that the DOC had to request the retest. For example, there are no allegations that Phamatech Defendants gave Mader's family false information, or that they provided retests for other inmates upon request by a family member and in the absence of a request from the DOC. Likewise, Mader's allegation that "SCI-Cambridge Springs afforded" inmate Swick "an immediate retest" does not save her claim against Phamatech Defendants because it does not support any disparate treatment of Mader by Phamatech Defendants specifically. The Amended Complaint also does not allege facts to support that Phamatech Defendants were responsible for Corrections Defendants' alleged repeated refusals to permit Mader a retest. The Amended Complaint alleges only that Phamatech, Inc. informed Mader's family that it did not do testing for private citizens and that the DOC had to request a retest. It does not explain whether or how Phamatech Defendants treated Mader differently than other prisoners, nor does it plead facts suggesting Phamatech Defendants acted without reasonable basis in informing Mader's family that any retest request had to come from the DOC. For all of these reasons, the Amended Complaint is devoid of any facts from which it could be inferred that Phamatech Defendants intentionally and arbitrarily treated Mader differently from other similarly situated inmates. *See, e.g., Bailey v. Kauffman*, 2021 WL 5846942, at *6 (M.D. Pa. Dec. 9, 2021), *aff'd*, 2022 WL 1115136 (3d Cir. Apr. 14, 2022).[9]

_____

[9] For these same reasons, Mader's insufficient allegations of personal involvement negate her ability to establish Phamatech Defendants' intentional discrimination. *See Van Tassel v. Piccione*, 608 F.

11

Accordingly, the Amended Complaint fails to state a Fourteenth Amendment equal protection claim based on Phamatech Defendants' alleged failure to provide Mader a retest.

C. Leave to Amend

*Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), *abrogated on other grounds by Iqbal*, 556 U.S. at 678. However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 4057179, at *8 (W.D. Pa. Aug. 27, 2018) (internal quotations and citation omitted). Indeed, a district court's "substantial leeway in deciding whether to grant leave to amend" is "even broader" where "the court has already granted the requesting part an opportunity to amend his complaint." *Lake v. Arnold*, 232 F.3d 360, 373–74 (3d Cir. 2000).

In this case, Mader's own factual allegations effectively negate her claims against Phamatech Defendants. The essence of her claim is that Corrections Defendants denied her repeated requests for a retest, despite certain officials purportedly admitting that there was a problem with false positive results at DOC facilities, and despite SCI-Cambridge Springs affording inmate Swick the opportunity for a retest and dismissing misconduct charges for other inmates due to

---

App'x 66, 69–70 (3d Cir. 2015) (non-specific allegations that broadly implicate a defendant without delineating individual conduct are legally insufficient); *e.g.*, *Williams v. Pa. Dep't of Corr.*, 2023 WL 2655406, at *9 (W.D. Pa. Feb. 2, 2023), *report and recommendation adopted*, 2023 WL 2652298 (W.D. Pa. Mar. 27, 2023).

false positive results.[10]  While the Court offers no opinion at this juncture as to whether such allegations are sufficient to state a claim against Corrections Defendants, it is clear that they do not as to Phamatech Defendants.  Accordingly, given the nature of Mader's allegations and the claims alleged, and considering that Mader has previously been put on notice of the defects in her pleading via Defendants' motions to dismiss and permitted to file an amendment, the Court finds it would be futile to allow Mader to file another amended complaint with respect to her Fourteenth Amendment claims against Phamatech Defendants.  The Court will therefore dismiss these Defendants and the claims against them with prejudice.  *See, e.g., Jones v. City of Philadelphia Hous. Dep't*, 573 F. App'x 138, 139 (3d Cir. 2014) (affirming dismissal with prejudice for failure to state a claim where any further amendment would be futile).

## V.    Conclusion

For the foregoing reasons, Phamatech Defendants' motion to dismiss the Amended Complaint will be GRANTED.  Pursuant to the motion and the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), Mader's Fourteenth Amendment claims against Phamatech Defendants are dismissed with prejudice for failure to state a claim.

---

[10] Indeed, Mader states in her opposition to Defendants' motion that "[t]he Equal Protection violation occurred" when Corrections Defendants permitted inmate Swick a retest. ECF No. 47, ¶¶ 19–20. She further contends Corrections Defendants treated her differently than Swick because, unlike Swick, Mader is incarcerated for drug charges. *Id.*, ¶¶ 33–35.

A separate order follows.

DATED this 31st day of March, 2026.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE